IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:11-CT-3045-FL

| | |
|---|---|
| DAVID RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| OFFICER BOSTICK, et al., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the undersigned on the motions for entry of default as to defendants Brian Bostick and Capt. Beck. On September 9, 2011, plaintiff filed proof of service that defendant Brian Bostick was served with the summons and complaint by certified mail on August 23, 2011. On November 2, 2011, plaintiff filed proof of service that defendant Officer Bostick was personally served with the summons and complaint on October 25, 2011. As of this date, no answers have been filed by these defendants.

Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk to enter a party's default when a party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. As stated in the Supplementary Note to Rule 55, The Soldiers and Sailors Civil Relief Act, 50 App. U.S.C.A § 520, imposes an additional requirement. Before default judgment can be entered, plaintiff must also file an affidavit stating whether or not the defendant is in military service.

As entry of default is a prerequisite for entry of default judgment, this certification should be made with both the motions for default and default judgment. Therefore, the motions for entry

of default as to Bostick and Beck are DENIED without prejudice. The motions may be re-filed with the appropriate supporting affidavits.

This the 29th day of February, 2012.

*[signature]*

Dennis P. Iavarone
Clerk of Court