IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3045-FL

| | |
|---|---|
| DAVID RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ENTRY OF DEFAULT** |
| ) | |
| BOSTICK, et al., ) | |
| ) | |
| Defendants. ) | |

On March 7, 2011, David Richardson ("plaintiff") filed this action against several defendants, including Sgt. Terry Bell ("Bell") [D.E. 1]. On October 24, 2011, plaintiff served Bell with summons and the complaint [D.E. 35]. Filing pro se, Bell thrice moved for an extension of time to respond to plaintiff's complaint [D.E. 38, 40, 42]. On each occasion, the court granted Bell's request for additional time [D.E. 39, 41, 44]. On January 23, 2012, the court allowed Bell until February 14, 2012, to answer the complaint and cautioned him that no further extensions of time would be permitted [D.E. 44]. To date, Bell has failed to file a responsive pleading. On February 21, 2012, plaintiff moved for entry of default against Bell [D.E. 51].

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default against a party who "has failed to plead or otherwise defend." As supported by declaration, plaintiff perfected service on Bell on October 24, 2011 [D.E. 35], and the time within which this defendant may answer or otherwise plead has expired. See Fed. R. Civ. P. 12(a)(1)(A). It appears that defendant is subject to default. Accordingly, plaintiff's motion for entry of default against defendant Bell is GRANTED [D.E. 51].

SO ORDERED. This 6th day of March 2012.

Julie A. Richards, Clerk of Court