IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3045-FL

| | | |
|---|---|---|
| DAVID RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| F/N/U BOSTICK; F/N/U BELL; F/N/U WHEELER; F/N/U BEAMON; F/N/U ANDERSON; F/N/U BECK; HAROLD PERSON; and MATTHEW SCOTT LENNON, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for default judgment (DE 90) as to defendants Captain Gregory Beck ("Beck"), Sergeant Terry Bell ("Bell"), and Officer Brian Bostick ("Bostick"), to which defendants did not respond. The court's review of this motion is conducted with benefit of the memorandum and recommendation ("M&R") filed on May 9, 2013, by United States Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein he recommends that the court deny without prejudice plaintiff's motion. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. Also before the court is plaintiff's motion to seal (DE 105), to which defendants did not respond. For the reasons that follow, the court adopts the recommendation of the magistrate judge and denies without prejudice plaintiff's motion for default judgment and grants plaintiff's motion to seal.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Beck, Bell, and Bostick, as well as Officer Anderson, Officer Beamon, and Officer Wheeler used excessive force against him in violation of the Eighth Amendment to the United States Constitution.

Each of the defendants was served with the complaint, but only Anderson, Beamon, and Wheeler filed answers. On February 21, 2012, plaintiff moved for entry of default against Beck, Bell, and Bostick. The Clerk of Court subsequently granted the motions for entry of default. Then, on June 8, 2012, Beamon was dismissed from this action pursuant to a settlement with plaintiff. Plaintiff subsequently amended his complaint to include Officer Matthew Scott Lennon ("Lennon") and Superintendent Harold Person ("Person") in the action.

On December 18, 2012, plaintiff moved for default judgment against Beck, Bell, and Bostick. The court then referred the matter to the magistrate judge. On May 9, 2013, the magistrate judge issued an M&R recommending that the motion for default judgment be denied without prejudice.[1]

**DISCUSSION**

A.   Memorandum and Recommendation

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of specific and timely filed objections, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the

---

[1] On June 17, 2013, defendant Person filed a motion to dismiss on the basis of settlement reached. (DE 107). This motion will be addressed by separate order.

M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon a review of plaintiff's motion for default judgment against defendants Beck, Bell, and Bostick, the magistrate judge determined that it is not appropriate for the court to proceed with the entry of a default judgment against the defaulting defendants Beck, Bell, and Bostick while the case proceeds against the non-defaulting defendants. In making this determination, the magistrate judge relied upon the United States Supreme Court's decision in Frow v. De La Vega, 82 U.S. 552 (1872), which held that where a plaintiff alleges the joint liability of defendants, the appropriate course is to reserve the entry of default judgment until after the case has proceeded as to the answering defendants. Id. Plaintiff, in this case, alleges that liability of defendants is joint and several. Based upon the foregoing, the magistrate judge recommended that the court deny plaintiff's motion for default judgment without prejudice. The court agrees with the magistrate judge's analysis and ADOPTS the findings and recommendations of the magistrate judge in full.

B.  Motion to Seal

Plaintiff seeks an order directing the Clerk of Court to seal plaintiff's exhibits A, C, D, E, F, H, I, J, and K which are attached to his memorandum in opposition to defendant Lennon's motion for summary judgment. Plaintiff states that these exhibits should be sealed because they have been marked confidential by either the North Carolina State Bureau of Investigation or the North Carolina Department of Public Safety.

The public has a First Amendment right of access to the exhibits submitted in conjunction with a summary judgment motion. See, e.g., Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 578 (4th Cir. 2004) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir.

3

1988)). As such, the parties must offer a compelling reason to keep them under seal. Id. at 578-79. "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." Id. at 575 (citing Press-Enter Co. v. Superior Court, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion[.]")).

Here, plaintiff seeks to seal various law enforcement records that the North Carolina State Bureau of Investigation and the North Carolina Department of Correction have marked confidential. For good cause shown, the court GRANTS plaintiff's motion to seal these documents (DE 8), and the Clerk of Court is DIRECTED to seal plaintiff's exhibits A, C, D, E, F, H, I, J, and K which are attached to plaintiff's memorandum in opposition to defendant Lennon's motion for summary judgment. See Etape v. Napolitano, 664 F. Supp. 2d 498, 505 (D. Md. 2009) (granting a motion to seal documents, *inter alia*, for law enforcement concerns).

## CONCLUSION

In summary, upon careful review of the M&R to which no objection has been made, as well as a review of the relevant case law, pleadings, and motions, the court ADOPTS the findings and recommendations of the magistrate judge in full (DE 106), and DENIES without prejudice plaintiff's motion for default judgment (DE 90). The court also GRANTS plaintiff's motion to seal (DE 105), and the Clerk of Court is DIRECTED to seal plaintiff's exhibits as set forth above.

SO ORDERED, this the 20th day of June, 2013.

/s/ Louise W. Flanagan
_____
LOUISE W. FLANAGAN
United States District Judge

4